# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| COREY D. JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 07-3223-JTM-DWB |
| | ) |
| THE UNITED STATES OF AMERICA,, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

Plaintiff Corey D. Jones has filed a second Motion for Appointment of Counsel (Doc. 17), and a supplement to that motion (Doc. 20), as well as a Motion to Amend Complaint (Doc. 18) in the above case. The Government has filed a response to the motion to amend and opposes the amendment as futile. (Doc. 19.) The Government has also filed a second motion for extension of time to file an answer (Doc. 21), and Plaintiff does not oppose the requested extension. (Doc. 22.) Having carefully reviewed the submissions of the parties, the Court is prepared to rule on Plaintiff's motions.[1]

---

[1] The background of this case is summarized in the October 18, 2007, Order filed by U.S. Senior District Judge Sam A. Crow (Doc. 4), and is incorporated herein by reference.

**I.     Plaintiff's Motion for Appointment of Counsel**.

The Tenth Circuit has identified four factors to be considered when a court is deciding whether to appoint counsel for an individual: (1) plaintiff's ability to afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without the aid of counsel.  *McCarthy v. Weinberg*, 753 F.2d 836, 838-39 (10th Cir. 1985) (listing factors applicable to applications under the IFP statute); *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992) (listing factors applicable to applications under Title VII).  Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments.  The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time.  *Id.,* at 1421.

This Court is satisfied that Plaintiff has shown he cannot afford counsel (*see* Doc. 10, granting Plaintiff's request to proceed *in forma pauperis*) and that he has diligently searched for representation.  This Court is also satisfied, for purposes of this motion, that Plaintiff's remaining claims are not entirely frivolous.  (*See generally* Doc. 4, dismissing Plaintiff's claims against all but the remaining Defendant United States of America.)  This brings the Court to the final factor,

whether Plaintiff is capable of preparing and presenting his case without assistance from counsel. ***Castner v. Colorado Springs Cablevision***, 979 F.2d at 1421.

Plaintiff previously filed a Motion for the Appointment of Counsel (Doc. 8), which was denied, without prejudice, by Senior District Judge Sam A. Crow. (Doc. 10). Senior Judge Crow held that Plaintiff was "not entitled to appointment of counsel in this civil action, and appears capable of providing facts in support of his claim." (*Id.*) In support of the present motion, Plaintiff has provided nothing of substance to convince this Court to the contrary.

Plaintiff contends that "it will be unfair for the courts to force me to represent myself in said proceeding when I've filed two motions for appointment of counsel; only to be denied without prejudice." (Doc. 18, at 3.) This, taken with Plaintiff's continued refrain of being untrained, or "illiterate," in the law (*Id.*; *see also* Doc. 8, Doc. 17, Doc. 20), does not establish that he is unable to represent himself.

Plaintiff has provided the Court with no basis to distinguish himself from the many other untrained individuals who represent themselves *pro se* in Courts throughout the United States on any given day. To the contrary, Plaintiff has shown his ability to represent himself through his numerous filings in this case. His initial 23 page typewritten Complaint set out the operative facts to support

Plaintiff's claims.  Plaintiff has also filed other pleadings including a Motion for Extension (Doc. 5), a Motion for Leave to Proceed *In Forma Pauperis* (Doc. 9), a Motion to Amend Complaint (Doc. 18), and a reply to Defendant's response to Plaintiff's Motion to Appoint Counsel (Doc. 20).  In addition, Plaintiff has initiated at least one other lawsuit *pro se*.  (Doc. 19-2, at 29-43.)  As such, Plaintiff's Motion to Appoint Counsel is **DENIED**, again without prejudice to renewal later in these proceedings if Plaintiff can provide the Court with a sufficient showing of special circumstances that would warrant the appointment of counsel.[2]

## II.    Plaintiff's Motion to Amend Complaint.

Plaintiff also brings a motion to amend his Complaint to include a claim relating to the alleged attempt by the United States "to hinder [Plaintiff] from obtaining an attorney," in part through the handling of his mail.  (Doc. 18, at 1-2.)  Fed. R. Civ. P. 15(a) provides that leave to amend shall be freely given when justice so requires.  In the absence of any apparent or declared reason, such as undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment, leave to amend should, as the rules require, be freely given.  ***Foman v.***

---

[2] The Government has not yet filed its answer in this case.  The issues raised in that answer may provide additional information that bears on the question of whether appointment of counsel is warranted in this case.

*Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962); *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).  A district court is, however, justified in denying a motion to amend as futile if the proposed amendment could not withstand a motion to dismiss or otherwise fails to state a claim.  *Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992); *see* 6 Wright, Miller & Kane, *Federal Practice and Procedure* § 1487 at 642 (1990).  Leave to allow amendment is within the court's sound discretion.  *LeaseAmerica Corp. v. Eckel*, 710 F.2d 1470, 1473 (10th Cir. 1983).

In the matter before the Court,  Defendant argues that Plaintiff's requested amendment is futile for lack of subject matter jurisdiction, because of improper venue, and for failure to exhaust administrative remedies pursuant to the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).  (*See generally*, Doc. 19.)  Thus, the Court must determine if the proposed Amended Complaint could withstand a motion to dismiss.

In light of the recent Supreme Court cases of  *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) and *Erickson v. Pardus*, __ U.S. __, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007), the Tenth Circuit has recently restated the standard for ruling on motions to dismiss under Fed. R. Civ. P. 12(b)(6).  *Alvarado v. KOB-TV, L.L.C.,* 493 F.3d 1210, 1215

n. 2 (10th Cir. 2007). The Court now looks at what is described as a "plausibility" standard. *Id.* Under this restated standard,

> The court will dismiss a cause of action for failure to state a claim only when the factual allegations fail to "state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, __ U.S. __, __, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), or when an issue of law is dispositive. *Neitzke v. Williams*, 490 U.S. 319, 326, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). The complaint need not contain detailed factual allegations, but a plaintiff's obligation to provide the grounds of entitlement to relief requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic*, 127 S.Ct. at 1964-65. The court must accept the facts alleged in the complaint as true, even if doubtful in fact, *id.* at 1965, and view all reasonable inferences from those facts in favor of the plaintiff, *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir.2006). Viewed as such, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic*, 127 S.Ct. at 1965 (citations omitted). The issue in resolving a motion such as this is "not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)).

*Raytheon Aircraft Co. v. U.S.*, 501 F. Supp. 2d 1323, 1327 (D. Kan. 2007).  The burden is on Defendant to establish the futility of Plaintiff's proposed amendment. *Pekareck v. Sunbeam Products*., No. 06-1026-WEB, 2006 WL 1313382, at *3 (D. Kan. May 12, 2006).

In its brief in opposition, Defendant relies on the sworn declaration of Mary A. Benning, an attorney with the Federal Bureau of Prisons.  Ms. Benning declares that Plaintiff "has not fully exhausted" issues relating to the handling of his legal mail and "has not raised any issue concerning legal mail, regular mail, or his attempts to seek legal representation through the Administrative Tort claim process with the BOP."  (Doc. 19-2, at 3.)  Rather than using his reply to address the contentions regarding administrative remedies, Plaintiff again merely contends that he "cannot proceed any further due to lack of knowledge and inexperience of the law in all these civil proceedings." (Doc. 20.)  Plaintiff's experience, however, indicates that he is quite familiar with the concept of exhaustion of administrative remedies as he has raised numerous other complaints via the Administrative Tort claim process with the Bureau of Prisons.  (*See* Doc. 19-2, at 23-25.)  As such, Defendant has sufficiently established that Plaintiff has failed to exhaust his administrative remedies regarding these potentially new claims.

The Court also agrees with Defendant's interpretation of the requested

amendment as being an alleged violation of Plaintiff's constitutional right to access to the court system and/or access to legal counsel.  Such a constitutional tort would not survive a motion to dismiss and is, therefore, futile.

> 'It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.' ***United States v. Mitchell***, 463 U.S. 206, 212, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983).  Such consent may not be implied, but must be 'unequivocally expressed.' ***United States v. Nordic Village, Inc.***, 503 U.S. 30, 33-34, 112 S.Ct. 1011, 117 L.Ed.2d 181 (1992); ***United States v. King***, 395 U.S. 1, 4, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969). The United States, however, has not waived its sovereign immunity for constitutional tort claims.  See ***F.D.I.C. v. Meyer***, 510 U.S. 471, 475, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994) (holding that sovereign immunity precludes damage claims for constitutional violations against the United States government).

***Sheridan v. U.S.***, 214 Fed.Appx. 857, 859 (10th Cir. 2007).  Therefore, based on the record, and viewing all reasonable inferences from the facts in favor of the Plaintiff, the Court finds Plaintiff's proposed amendment to be futile.  As such, the Court **DENIES** Plaintiff's Motion to Amend.[3]

### III. Government's Motion for Additional Time to File Answer.

The Government has filed a second motion for extension of time to file an

---

[3] Because the Court has determined that it does not have jurisdiction over Plaintiff's proposed claim, the Court need not address Defendant's argument that venue would be inappropriate in this District regarding Plaintiff's proposed claim.

answer and have requested until June 30, 2008 to file that answer. (Doc. 21.) Plaintiff has filed a response not objecting to the extension and, in fact, requesting that the Government's time to file an answer be set at August 15, 2008. (Doc. 22 at 2.) The Court treats this as an uncontested motion and grants the extension for the longer period requested by Plaintiff.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Appointment of Counsel (Doc. 17) is **DENIED**, without prejudice to renew in the future.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend (Doc. 18) is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for extension of time to answer (Doc. 21) is hereby **GRANTED** and Defendant shall file its Answer on or before **August 15, 2008.**

Dated at Wichita, Kansas, on this 18th day of June, 2008.

          s/ DONALD W. BOSTWICK
          DONALD W. BOSTWICK
          United States Magistrate Judge