IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


COREY D. JONES,

       Plaintiff,

vs.                                                                          Case No.  07-3223 JTM

UNITED STATES OF AMERICA,

       Defendant.


MEMORANDUM AND ORDER

This matter comes before the court on the defendant's Motion to Dismiss, or, in the alternative for Summary Judgment (Dkt. No. 27).  Defendant filed an extensive memorandum outlining the legal and factual basis for dismissal.  Plaintiff Jones did not file a timely response to defendant's motion.

Plaintiff, a federal inmate, filed this pro se action seeking monetary damages under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §1346(b).  He alleges he was injured in May 2005 when he stepped into a "fissure" in the basketball court area on the grounds of the United States Penitentiary ("USP" or "USP Leavenworth") in Leavenworth, Kansas.  Plaintiff maintains he was injured as a result of USP's failure to maintain the prison grounds.  He further alleges USP medical personnel failed to provide appropriate medical care for his injury.

During the times relevant to the complaint, the plaintiff was incarcerated at USP Leavenworth.  This facility maintains a recreational area, which  includes several basketball courts, for inmate use.  USP recreational staff members supervised inmate use of the basketball courts and inspected the recreation equipment and recreation areas on a weekly basis.  The staff documented

these inspections, and if an area needed repair or appeared unsafe, staff would limit inmate access to that area until repairs were completed.

On May 25, 2005, plaintiff reported to the USP health services department that on the previous day:  "[w]hile playing basketball, I sprained my right ankle.  I continued to play after the incident."  He signed a statement that noted:  "I was playing basketball and I went up for a rebound [and] when I came down on another guys [sic] foot and in turn my whole foot did a complete 360. It turn [sic] all the way around backwards".  Medical Development International provides the health services at USP Leavenworth and they provided medical treatment to the plaintiff for his basketball injury.  Plaintiff's leg was x-rayed and his leg was placed in a cast.  He was issued a permit for crutches and/or a wheelchair.  On August 25, 2005, a contract orthopedic specialist examined plaintiff and noted his fracture was healing well.

Prior to May 2005, the USP recreation department did not receive any complaints or comments from staff or inmates concerning any "fissures" or potholes on the basketball court, nor was it notified of any inmate injuries suffered due to playing surface issues.  The department first became aware of an alleged "fissure" or pothole on the basketball court on September 18, 2006, but its inspection revealed no such problem.

USP Leavenworth contracted with Medical Development International ("MDI") for emergency room care and other speciality services.  MDI is an independent contractor, and its staff members are not Bureau of Prisons (BOP) employees.  The contract for orthopedic specialist services was separate from the MDI contract.  The orthopedic specialist did not maintain an office at USP Leavenworth, and did not receive a salary or benefits from USP Leavenworth.  USP Leavenworth  pays the orthopedic specialist for services rendered at a specific rate.

2

"A Rule 12(b)(6) motion to dismiss will be granted only if it appears beyond a doubt that the plaintiff is unable to prove any set of facts entitling [him] to relief under [his] theory of recovery." *Poole v. County of Otero,* 271 F.3d 955, 957 (10th Cir.2001) (citing *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). "The court must accept all the well-pled allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Boyd v. Runyon,* No. 94-1557-JTM, 1996 WL 294330, at *1 (D.Kan. May 23, 1996) (citing *Williams v. Meese,* 926 F.2d 994 (10th Cir.1991)). "The [c]ourt, however, need not accept as true those allegations that are conclusory in nature, i.e., which state legal conclusions rather than factual assertions." *Fugate v. Unified Gov't of Wyandotte,* 161 F.Supp.2d 1261, 1263 (D.Kan.2001) (citing *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir.1991)).

The FTCA is a limited waiver of sovereign immunity for the United States and, with certain exceptions, renders the federal government liable in tort as a private person would be in like circumstances. 28 U.S.C. §§2671-2680; *United States v. Orleans*, 425 U.S. 807, 813 (1976); *Lewis v. Glickman*, 104 F.Supp.2d 1311, 1322 (D.Kan. 2000). It also provides a limited waiver of sovereign immunity to allow suits against the United States for torts committed by government employees acting within the scope of their employment who caused an injury by negligence or a wrongful act or omission. 28 U.S.C. § 1346(b); *Tsosie v. United States*, 452 F.3d 1161, 1163-64 (10th Cir. 2006); *Curry v. United States*, 97 F.3d 412, 414 (10th Cir. 1996). The FTCA does not authorize suits based on the acts of independent contractors or their employees. *Curry* at 414. In determining whether an individual is an independent contractor, the court should consider "whether the federal government has the power to control the detailed physical performance of the individual". *Duplan v. Harper*, 188 F.3d 1195, 1200 (10th Cir. 1999).

3

The substantive law of the state where the alleged tort occurred is to be applied in a FTCA action. 28 U.S.C. §1346(b).  Since Kansas substantive law applies in this case, the plaintiff must prove the following: 1) the defendant owed a clear duty to the plaintiff; 2) the defendant breached the duty owed; and 3) a casual connection exists between the duty breach and damage sustained. *Id.*; *Davey v. Hedden*, 260 Kan. 413, 426 (1996) (citing *Nero v. Kansas State University*, 253 Kan. 567, 571 (1993)).  The breach of duty must be the actual and proximate cause of the injury.  *Id.*

The duty of care owed to federal prisoners is fixed by 18 U.S.C. § 4042, independent of an inconsistent state rule.  *United States v. Muniz*, 374 U.S. 150, 165-66 (1963).  18 U.S.C. § 4042 provides that the duty of care owed to prisoners is one of ordinary diligence.  *See Barrett v. United States*, 845 F.Supp. 774, 777-78 (D.Kan. 1994).  However, the Kansas Recreational Use Statute ("KRUS"), K.S.A. 58-3201 *et seq.*, provides that a landowner is exempted from liability for mere negligent failure to warn recreational users of dangerous conditions except where fees are charged for use or where the failure to warn of dangerous conditions is willful or malicious.  *Klepper v. City of Milford*, 825 F.2d 1440, 1441 (10th Cir. 1987).

The government owes a duty to exercise ordinary diligence to keep prisoners safe and free from harm.  *Cowart v. United States*, 617 F.2d 112, 116 (5th Cir. 1980), cert. denied 449 U.S. 903 (1980).  A plaintiff must show that the defendant had actual knowledge of a dangerous condition or that the condition existed for such a length of time that in the exercise of ordinary care the landowner should have known about it.  *Brock* v. *Richmond-Berea Cemetery Dist.*, 264 Kan. 613, 620 (1998).   The KRUS exempts landowners from liability for mere negligent failure to warn recreational users of dangerous conditions on land except where fees are charged for use or where the failure to warn of dangerous conditions is willful or malicious.  *Klepper v. City of Milford*, 825

F. 2d 1440, 1441 (10th Cir. 1987); *Mozier v. Parsons*, 852 F.Supp. 925, 932 (D.Kan.1994).  The KRUS applies to both private and government landowners.  *Klepper* at 1444-45; *see also Gonzales v. Board of County Commissioners*, 247 Kan. 423, 429 (Kan. 1990) (citing *Klepper* as the only reported case construing the KRUS).  In the Tenth Circuit the term "willful" in the KRUS means that the defendant "intended to injure the plaintiff or otherwise had a designed purpose or intent to do wrong." *Klepper v. City of Milford*, 825 F.2d 1440, 1447.  Likewise, failure to warn of danger, to be willful, requires evidence that the failure to warn was "purposely designed . . . with the intent to do wrong or cause injury." *Id*. At 1448.

The Defendant raised several grounds for dismissal, including: 1) plaintiff was not injured by willful or malicious conduct; 2) the Bureau of Prisons exercised ordinary reasonable care and did not proximately cause plaintiff's injury; and 3) the claims of medical malpractice related to non-federal employees are not covered under FTCA.

First, the plaintiff did not allege any facts that support a theory that a United States employee engaged in willful or malicious conduct as required for liability under the KRUS.  The  plaintiff's bare allegation that a government employee failed to repair a "fissure" or a pothole on the basketball court does not establish liability under the FTCA.

The plaintiff alleged that "[h]ad the United States been diligent in performing its duty . . . [it] would have filled in the fissure the Plaintiff fell into . . . ."  (Dkt. No. 1 at 15).  The uncontroverted evidence is that USP Leavenworth conducted regular inspections and maintenance of the basketball court area.  USP Leavenworth fulfilled its duty to provide a reasonably safe basketball court and the maintenance routine was clearly reasonable under the circumstances.  Further, there is no evidence that a "fissure" or a pothole existed on the basketball court at the time

of plaintiff's injury, let alone that USP had actual knowledge of such a defect or that a defect had existed for such a length of time that the defendant should have known about it.

The plaintiff also failed to establish that the alleged breach of duty proximately caused his injury.  The uncontroverted evidence is that plaintiff signed a grievance concerning medical care on June 12, 2005, that stated "I was playing basketball and I went up for a rebound and when I came down on another guys [sic] foot and in turn [sic] my whole foot did a complete 360."  He made no mention of a "fissure" or pothole that had caused his injury until he filed his tort claim on September 18, 2006.

Finally, the court notes that independent contractors provided plaintiff's medical care.  The law is clear that:  "The FTCA does not authorize suits based on the acts of independent contractors or their employees."  *Curry v. United States*, 97 F.3d 412, 414 (10th Cir. 1996).

Defendant's motion to dismiss is granted.  Plaintiff's fourth motion to appoint counsel (Dkt. No. 30); motion for summary judgment (Dkt. No. 37); and motion for ruling (Dkt. No. 40) are denied as moot.

IT IS SO ORDERED this 10th day of March, 2009.


s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE