IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

COREY D. JONES,

        Plaintiff,

vs.                                             CASE No. 07-3223 JTM

UNITED STATES OF AMERICA,

        Defendant.

MEMORANDUM AND ORDER

        This matter comes before the court on plaintiff Corey D. Jones' motion for reconsideration. (Dkt. No. 44). Defendant United States of America filed a response alleging the court does not have jurisdiction over the plaintiff's motion for reconsideration. (Dkt. No. 51).

        Plaintiff, a federal inmate, filed a pro se action seeking monetary damages under the Federal Tort Claims Act ("FTCA"), 28 US.C. §1346(b). The defendant filed a motion to dismiss or, in the alternative for summary judgment on August 15, 2008. (Dkt. No. 27). The court granted the defendant's motion to dismiss on March 10, 2009. (Dkt. No. 41). On March 30, 2009, the plaintiff filed the following: 1) a motion for extension of time to file a motion for reconsideration; 2) a motion for reconsideration; 3) a notice of appeal; and 4) a motion for appointment of counsel. (Dkt. Nos. 43, 44, 45 & 46).

        The district court clerk transmitted the preliminary record on appeal to the Tenth Circuit Court of Appeals. (Dkt. No. 47). The Tenth Circuit Court of Appeals docketed the plaintiff's appeal on April 1, 2009. (Dkt. No. 48).

        In general, filing of a notice of appeal confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal. *Marrese v.*

*American Academy of Orthopaedic Surgeons,* 470 U.S. 373, 379 (1985) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam). However, the district court retains jurisdiction over "collateral matters not involved in the appeal." *Garcia v. Burlington Northern R. Co.,* 818 F.2d 713, 721 (10th Cir.1987)(attorney's fees); *Lancaster v. Independent School Dist. No. 5,* 149 F.3d 1228, 1237 (10th Cir.1998) (sanctions); *United States v. Meyers,* 95 F.3d 1475, 1489 n. 6 (10th Cir.1996) (release pending appeal).

The plaintiff did not allege collateral matters that were not involved in the appeal. On April 1, 2009, the Tenth Circuit Court of Appeals docketed the plaintiff's appeal, therefore, the court does not have jurisdiction to rule on the merits of the plaintiff's motion to reconsider.

IT IS SO ORDERED this 20th day of May 2009, that the defendant's motion to reconsider (Dkt. No. 44) is denied, which renders the following motions moot: 1) plaintiff's motion for extension of time to file a motion to reconsider (Dkt. No. 43); 2) plaintiff's fifth motion to appoint counsel (Dkt. No. 46); 3) plaintiff's sixth motion to appoint counsel (Dkt. No. 52); and 4) plaintiff's motion for leave to appeal in forma pauperis (Dkt. No. 53).

 s/ J. Thomas Marten  
J. THOMAS MARTEN, JUDGE